IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01-00334-01-CR-W-NKL |
| | ) | |
| GEOFFREY L. SIMPKINS, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S REQUEST FOR ITEMIZED LIST OF PROPERTY

Comes now the United States of America by its United States Attorney, Todd P. Graves, and by its Assistant United States Attorney, William L. Meiners, and hereby files the Government's response to defendant's request for itemized list of property.

I. Discussion

In his current petition defendant seeks disclosure of an itemized list of all property seized, destroyed or returned in this case. In this regard, the government has already listed items seized by the Federal Bureau of Investigation in Exhibit A of its response to defendant's petition for show cause order (Doc. 84). Additionally, the government has previously listed the items returned to defendant in Exhibit B of that response. Moreover, the government further listed all items destroyed pursuant to Court Order in an Exhibit List filed on August 8, 2004 (Doc. 60).

Furthermore, Special Agent Gentry caused a search of the Federal Bureau of Investigation (FBI) evidence control system on September 27, 2004, and determined that the FBI no longer has retained any property seized from defendant.  In this regard, the only property returned to any local law enforcement agency was the Gateway 2000 computer to the Hazelwood, Missouri Police Department, because it was of insufficient value for forfeiture.  However, as before mentioned, this computer was released by the Hazelwood Police Department to defendant's nephew, Joshua Schaefer.

Therefore, from the foregoing it is evident that the government has properly accounted for and disposed of all defendant's property.  In this regard, the government has no knowledge of the disposition of property seized by local law enforcement and not used by the government in this case and therefore is not accountable for this evidence to the extent it exists.  Ball v. United States, 193 F.3d 998, 999 (8th Cir. 1999).  However, concerning property which actually came into the

government's possession, it has been properly disposed of as indicated above with the exception of the inadvertent destruction of the aforementioned Freddy Kruger mask and phone bill.

>Respectfully submitted,
>
>Todd P. Graves
>United States Attorney
>
>By   */s/ William L. Meiners*
>
>William L. Meiners #28263
>Assistant United States Attorney
>
>Charles Evans Whittaker Courthouse
>400 East 9th Street, Suite 5510
>Kansas City, Missouri  64106
>Telephone: (816) 426-2605

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served this 4th day of November 2004, by electronic notice on those parties having entered their appearance under the Electronic Filing System (ECF), and by U.S. Mail, postage prepaid, on those parties having requested notice by conventional service.

>Geoffrey L. Simpkins
>Reg. No. 14904-045
>FCI
>P.O. Box 9000
>Forrest City, Arkansas  72336

>*/s/ William L. Meiners*
>_____
>William L. Meiners
>Assistant United States Attorney

WLM/rah