**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 01-00334-CR-W-NKL |
| | ) | |
| GEOFFREY L. SIMPKINS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Geoffrey Simpkins ("Simpkins") has filed several motions concerning property that he believes the Government has in its possession [Docs. 76, 81, 85, 87, and 89].  For the reasons stated below, these motions will be denied.

This is not the first time the Court has addressed this issue.  On July 31, 2003, after a hearing, the Court ordered the Government to return to Simpkins certain property unrelated to criminal activity [Doc. 58].  On January 28, 2004, Simpkins filed a motion in which he claimed that the property had not yet been returned [Doc. 71].  The Government responded on April 7, 2004 that "the Federal Bureau of Investigation has returned the non-contraband property that was seized in this case to defendant's representative in St. Louis, Missouri." [Doc. 72].  Based on the Government's representation that the FBI had returned all of the non-contraband property, the Court denied Simpkins's motion [Doc. 74].

The Court also granted the Government's motion to destroy certain property related to the criminal offense [Doc. 74].

Simpkins now complains that the Government has failed to return the following items: (1) a Microsoft mouse; (2) a Southwestern Bell telephone bill; (3) a letter from a law firm with a picture exhibit; (4) a Freddy Kruger costume mask; and (5) a silver case with Funeral Notices and notepads. Although each of these items appears on a list of items seized from Simpkins (Def. Ex. 2 [attached to Doc. 82]), none of these items appears on either the list of items returned to Simpkins (Def. Ex. 1 [attached to Doc. 82]), or the list of destroyed items [Doc. 60].

In its response, the Government points to the affidavit of Special Agent Todd Gentry, who claims that the FBI inadvertently destroyed the Southwestern Bell telephone bill and the costume mask. Although he does not explain what happened to the remaining items, Gentry states that he reviewed the FBI's evidence control system and determined that the FBI no longer has in its possession any of Simpkins's property. Finally, Gentry states that the FBI inadvertently returned to Simpkins three cameras which the Government could have destroyed pursuant to the Court's Order.

Simpkins requests that the Court (a) vacate or amend its prior Order, or hold an evidentiary hearing [Doc. 76]; (b) provide him with a certified transcript of the July 31, 2003, hearing [Doc. 81]; (c) order the Hazelwood Police Department to provide Simpkins with a copy of their police report [Doc. 85]; (d) order the Government to prepare an itemized list of the seized property [Doc. 87]; and (e) allow him to submit interrogatories

to the Government [Doc. 89].  The Court will deny each of these motions.  Although the

Government destroyed some of Simpkins's property, further investigation of the situation

is unwarranted given the de minimus value of that property, as well as the fact that Simpkins

has received three cameras to which he was not entitled.

Accordingly, it is hereby

ORDERED that Defendant's pending motions [Docs. 76, 81, 85, 87, and 89] are

DENIED.


s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge


Dated:  November 12, 2004
Jefferson City, Missouri